IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| FRANK L. TAYLOR, | ) Civil Action No. 3:08-3307-MJP-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| | ) |
| IN HOME HEALTH, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, Frank L. Taylor ("Taylor"), filed this action on September 30, 2008.[1] On December

1, 2008, Defendant, In Home Health, LLC ("IHH") filed a motion to dismiss.[2] Taylor, because he

is proceeding pro se, was advised on December 2, 2008, pursuant to Roseboro v. Garrison, 528 F.2d

309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of

his complaint. Taylor filed a response on January 5, 2009.

## STANDARD FOR MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises

the fundamental question of whether a court is competent to adjudicate the claims brought before it.

Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial

attacks" and "factual attacks." Thigpen v. United States, 800 F.2d 393, 401 n. 15 (4th Cir.1986),

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e) and (g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2]Taylor originally named "Heartland Hospice" as Defendant in this action. Counsel for Defendant provides that "In Home Health, LLC" is the correct name of this entity.

rejected on other grounds, <u>Sheridan v. United States</u>, 487 U.S. 392 (1988). A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. <u>Id.</u> If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. <u>Id.</u>

A "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir.1991) (citing <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982); <u>Trentacosta v. Frontier Pac. Aircraft Indus.</u>, 813 F.2d 1553, 1558 (9th Cir.1987)). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." <u>Id</u>. (citations omitted). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Id.</u> (citations omitted).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe factual allegations in the nonmoving party's favor and will treat them as true, <u>Schatz v. Rosenberg</u>, 943 F.2d 485, 489 (4th Cir. 1991), but is "not so bound with respect to [the complaint's] legal conclusions." <u>Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.</u>, 609 F.2d 1083, 1085-86 (4th Cir.1979). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u> 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6)

motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

## DISCUSSION

Taylor alleges that he was "wrongfully terminated not to mention retaliated against which is a violation of the 'Whistle Blower False Claims Acts' which is a federal violation of the law." Complaint at 5. IHH contends that Taylor's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) because he fails to state a whistleblower claim and has not stated a basis of jurisdiction as to his remaining claims. Taylor does not specifically address the jurisdictional arguments, but provides documents that he claims support his claims of discrimination.

### 1.    12(b)(6) Failure to State a Claim - Whistleblower Claim

Taylor IHH contends that to the extent that Plaintiff's Whistle Blower False Claims Act" claim is one under the federal False Claims Act ("FCA"), 31 U.S.C. § 3729, it should be dismissed because he fails to plead any of the material elements and has not followed the requisite statutory procedure for civil actions by private persons under the statute.

IHH's motion to dismiss should be granted as to Taylor's whistleblower claim. Taylor has cited no statute or other authority under which he brings his claim. To the extent that Taylor is attempting to bring claims under the FCA,[3] his claims should be dismissed pursuant to Rule 12(b)(6).

---

[3]The FCA allows private litigants to bring actions on behalf of the federal government against one who knowingly presents, or causes to be presented (to the government) a false or fraudulent claim for payment or approval; knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; or (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid. 31 U.S.C. § 3729(a); 31 U.S.C. § 3730(b). To state a claim under the FCA, the plaintiff must prove:

(1) that the defendant made a false statement or engaged in a fraudulent course of conduct; (2) such statement or conduct was made or carried out with the requisite

(continued...)

Viewing the facts in the light most favorable to Taylor, he fails to allege enough facts to state a claim for relief under the FCA that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. Further, even if Taylor is attempting to bring his claim under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302, that statute has no application to private employers such as IHH (see 5 U.S.C. § 2302(a)(2) and 31 U.S.C. § 9101) nor does Taylor allege IHH is somehow covered by this, or any other whistleblower protection act.[4]

## 2.   12(b)(1) Subject Matter Jurisdiction

IHH contends that Plaintiff's remaining claims should be dismissed because he identified no grounds for this Court's jurisdiction such that his claims should be dismissed pursuant to Rule 12(b)(1). Although Taylor has not specifically plead the applicable statutes, in the light most favorable to him he appears to allege a claim under Title VII of the Civil Rights Act of 1964, as

---

[3](...continued)
> scienter; (3) the statement or conduct was material; and (4) the statement or conduct
> caused the government to pay out money or to forfeit money due.

Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 913 (4th Cir. 2003).

[4]Taylor appears to be attempting to assert his whistleblower claim under some unidentified federal statute. Even if Taylor's claim was considered to be one under the South Carolina Whistleblower Act, he fails to state a claim. South Carolina law provides:

> No public body may dismiss, suspend from employment, demote, or decrease
> the compensation of an employee of a public body because the employee files
> a report with an appropriate authority of wrongdoing. If the appropriate
> authority determines the employee's report is unfounded, or amounts to a mere
> technical violation, and is not made in good faith, the public body may take
> disciplinary action including termination. Any public body covered by this
> chapter may impose disciplinary sanctions, in accordance with its internal
> disciplinary procedures, against any of its direct line supervisory employees
> who retaliate against another employee for having filed a good faith report
> under this chapter.

S.C. Code Ann. § 8-27-20. Here, Taylor has not alleged that he is an "employee" or that IHH is a "public body."

amended, 42 U.S.C. §§ 2000e et seq. which is sufficient to survive IHH's motion to dismiss at this time. Taylor refers to "Title VII of the Civil Rights Act" (Complaint at 5) and alleges that he has been discriminated against based on his sex as to his hiring, firing, training, discipline, pay, and terms and conditions of employment (Complaint at 3 and 5).

## **CONCLUSION**

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 13) be granted, in part, as to Plaintiff's whistleblower claims and denied, in part, as to his Title VII claims of discrimination based on his sex.

Joseph R. McCrory
United States Magistrate Judge

July 31, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).