IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Frank L. Taylor, | ] | |
| Plaintiff, | ] | Civil Action No. 3:08-3307 |
| -vs- | ] | |
| | ] | **O R D E R** |
| Heartland Hospice, | ] | |
| Defendant | ] | |

This is an employment discrimination case filed by the plaintiff, Frank L. Taylor against the defendant Heartland Hospice. The plaintiff alleges *inter alia* that he was "wrongfully terminated not to mention retaliated against in violation of the 'Whistle Blower False Claims Acts' which is a violation of the law." He also alleges that he has been discriminated against based on his sex as to his hiring, firing, training, discipline, pay and terms and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, as amended. The defendant denies the plaintiff's allegations and has filed a motion to dismiss. The matter is now before the Court upon the Report and Recommendation of the United States Magistrate Judge who recommends granting the defendant's motion to dismiss the plaintiff's cause of action brought under the "Whistle Blower False Claims Acts" and denying the defendant's motion to dismiss the plaintiff's cause of action for sex discrimination.

As to his findings on dispositive matters, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the

-1-

responsibility to make a final determination remains with the court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Recommendation to which specific objection is made. In the absence of specific objections, this court is not required to give any explanation for adopting the recommendations. See Camby v. Davis 718 F.2d 198, 199 ( 4th 1983).

Here, the plaintiff has objected to the Magistrate Judge's recommendation. Upon review, the court finds that his objections are non-specific and unrelated to the dispositive portions of the Magistrate Judge's report. In fact, plaintiff's objections appear to not be directed at the Report and Recommendation of the Magistrate Judge but to a previous order of the Magistrate Judge. In the order referenced in the plaintiff's objections, the Magistrate Judge denied the plaintiff's motion to amend his complaint to assert a cause of action for defamation. Upon consideration, the plaintiff's objections are overruled.

The defendant has not objected to the Report and Recommendation of the Magistrate Judge. Instead the defendant urges the Court to adopt the Magistrate Judge's Report and Recommendation in its entirety.

The Court observes that the plaintiff is proceeding *pro se*. The Court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys. Gordon v Leeke, 574 F. 2d 1147, 1151 (4th Cir. 1078). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim See Weller v Department of Social Service, 901 F.2d 387 (4th Cir. 1990).

**In this matter, the plaintiff contends that he was wrongfully terminated and retaliated against in violation of the 'Whistle Blower False Claims Acts' which is a violation of federal law. There is not a federal statute entitled 'Whistle Blower False Claims Act'. There is a federal False Claims Act, 31 U.S.C. § 3729 and there is a federal Whistleblower Protection Act, 5 U.S.C. § 2302. After reviewing the complaint in the light most favorable to the plaintiff, the Court concludes that the plaintiff has failed to allege facts sufficient facts to sustain a claim for relief under either the False Claims Act, 31 U.S.C. § 3729. The Whistleblower Protection Act, 5 U.S.C. § 2302 would not apply since it has no application to private employers such as the defendant.**

**The plaintiff also alleges in the complaint that he has been discriminated against based on his sex as to his hiring, firing, training, discipline, pay, and terms and conditions of employment. The defendant asserts the Court should dismiss plaintiff's remaining claims due to plaintiff's failure to identify the basis of this Court's jurisdiction. Once more, viewing the complaint in the light most favorable to the plaintiff, it appears that the plaintiff's cause of action for sex discrimination is is brought under Title VII of the Civil Rights Act of 1964.**

**Upon review, the Recommendation of the Magistrate Judge is approved. The defendant's motion to dismiss the Whistle Blower False Claims Act, 31 U.S.C. § 3729 is GRANTED. The defendant's motion to dismiss the plaintiff's cause of action for sex**

**discrimination should be DENIED.**

**IT IS SO ORDERED.**

         <u>**s/MATTHEW J. PERRY, JR.**</u>
         **SENIOR   UNITED   STATES   DISTRICT   JUDGE**

**Columbia, South Carolina**
**September 25, 2009.**